UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANGELO BAEZ,

                         Plaintiff,

-against-                                      9:23-CV-1512 (LEK/ML)

TIOGA COUNTY,

                         Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On December 1, 2023, pro se Plaintiff Angelo Baez commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983, Dkt. No. 1 ("Complaint"), along with an application to proceed in forma pauperis, Dkt. No. 2 ("IFP Application"). On February 21, 2024, this Court granted Plaintiff's IFP Application and dismissed the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 5 ("February Order"). Plaintiff's amended complaint is now before the Court for review. Dkt. No. 12 ("Amended Complaint").

For the reasons that follow, Plaintiff's Amended Complaint is dismissed.

**II.    BACKGROUND**

In the Amended Complaint, Plaintiff identifies the following new defendants: (1) City of Ithaca New York Police Department, Am. Compl. at 1; (2) Tioga County District Attorney's Office, id.; (3) Investigator Bambino ("Bambino"), id. at 2; (4) Investigator Andrew Tocheny ("Tocheny"), id.; (5) Investigator Julie Malysa ("Malysa"), id. at 3; (6) Investigator Jacob Allard ("Allard"), id.; (7) Investigator Benjamin Buck ("Buck"), id. at 4; (8) Investigator Dana Hoff

1

("Hoff"), id.; (9) Investigator Matthew Schweiger ("Schweiger"), id.; (10) Tioga County District Attorney Kirk Martin ("Martin"), id.; and (11) Tioga County Assistant District Attorney Lily Reardon ("Reardon"), id.[1]

Plaintiff alleges the following facts in the Amended Complaint. Plaintiff is currently confined at Broome County Correctional Facility as a pretrial detainee. See id. at 2. On August 3, 2023, while investigating a murder in Tioga County, Bambino took a signed statement from a witness, Robert Hines ("Hines"). See id. at 6–7. In the statement, Hines "never said anything about [Plaintiff] having a gun, using a gun or shooting a gun." Id. at 7. Hines allegedly identified another individual as "the only shooter." Id. at 8.

During the grand jury proceedings, Plaintiff alleges that Hines was "coerced to give a new statement" implicating Plaintiff in the murder. Id. at 16. Hines' first statement was then excluded. See id. at 9. Plaintiff alleges that the prosecution and investigators presented Hines' false "confession[]" and "fabricated evidence" to the grand jury to obtain an indictment. Id. at 16–17.

Plaintiff further alleges that on August 3, 2023, Tocheny prepared felony complaints charging Plaintiff with Murder in the Second Degree and Kidnapping in the First Degree. See id. at 56–57. Plaintiff was charged with "abduct[ing] Thomas Rath" and "intentionally caus[ing] the death of Thomas Rath, by shooting him with a handgun and shotgun" on May 21, 2023, in Tioga County. Id. Tocheny filed the felony complaints and requested a warrant for Plaintiff's arrest, and Malysa arrested Plaintiff. See id. at 6.

---

[1] The Clerk of the Court is directed to amend the Docket Report to include these individuals as defendants.

2

Plaintiff filed a motion to dismiss the indictment. See id. at 10. Plaintiff claims that the prosecutors provided a response that included "misleading statements, falsification and concealment of documents." Id. at 11.

Construing the Amended Complaint liberally, Plaintiff asserts claims for violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. See id. at 18. Plaintiff also asserts claims based upon Brady[2] violations and malicious prosecution. See id. at 18–19. Plaintiff seeks monetary damages, as well as "to be cleared of the charges" and "released from jail." Id. at 20.

## III. LEGAL STANDARD

The Court assumes familiarity with the legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A as discussed in the February Order. See Feb. Order at 1–3.

## IV. DISCUSSION

### A. Immunity

Construing the Amended Complaint liberally, Plaintiff claims Defendants presented false testimony and evidence before a grand jury. See generally Am. Compl.

"[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." Pinaud v. County of Suffolk, 52 F.3d 1139, 1147 (2d Cir. 1995) (internal quotations omitted); see also Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (holding prosecutorial immunity covers "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate," including "conspiring to present false evidence"). This immunity applies to individual district attorneys for claims arising

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

3

out of acts "within the scope of their duties in initiating and pursuing criminal prosecution." Pinaud, 52 F.3d at 1147 (cleaned up).

Based upon the Court's review of the Amended Complaint, it appears that Plaintiff's claims against Martin and Reardon arise solely out of actions taken in the exercise of their prosecutorial functions. Accordingly, the Court finds that Martin and Reardon are absolutely immune from Plaintiff's claims and dismissed as defendants in this action, with prejudice.

Moreover, witnesses are "absolutely immune from liability under Section 1983 for damages for their testimony, even if their testimony was false." Boyde v. Barnes, No. 22-CV-1024, 2022 WL 11765034, at *5 (N.D.N.Y. Oct. 20, 2022) (citing *inter alia* Rehberg v. Paulk, 566 U.S. 356, 366-69 (2012)), report and recommendation adopted, 2023 WL 5367341 (N.D.N.Y. Aug. 21, 2023). This immunity attaches even if the testimony is false and given by a police officer. See Adamou v. Doyle, 707 F. App'x 745, 746 (2d Cir. 2018). Therefore, insofar as the Amended Complaint asserts claims against Defendants for false testimony, these claims are dismissed with prejudice. See Linder v. New York State Police, No. 07-CV-371, 2007 WL 1288027, at *2 (N.D.N.Y. Apr. 30, 2007) (Kahn, J.) (dismissing false testimony claims because witnesses have absolute immunity).

### B.  Malicious Prosecution Claims

The merits of a malicious prosecution claim under Section 1983 are "governed by state law." Dufort v. City of New York, 874 F.3d 338, 350 (2d Cir. 2017). Under New York law, the elements of a malicious prosecution claim are "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." Id. (quoting Smith-Hunter v. Harvey, 734 N.E.2d 750, 752–53 (N.Y. 2000)).

Here, Plaintiff has not alleged that the matter has been resolved in Plaintiff's favor. See generally Am. Compl. Thus, until there is a "termination of the proceeding in favor of the accused," Dufort, 874 F.3d at 350, Plaintiff may not state a claim for malicious prosecution against any defendant. Plaintiff may later raise a malicious prosecution claim should the criminal proceedings terminate in his favor.

### C. Monell Liability

The Court assumes familiarity with the Monell legal standard as discussed in the February Order. See Feb. Order at 4–5. In the February Order, the Court dismissed the claims against Tioga County, holding:

> [T]he Complaint lacks any allegations which plausibly suggest that the wrongdoing alleged in the Complaint arose out of a formal or informal custom or practice within Tioga County. See Valdiviezo v. Boyer, 752 Fed. App'x 29, 31 (2d Cir. 2018) ("A 'general and conclusory allegation' of a municipal policy or custom fails to state a facially plausible Monell claim." (quoting Littlejohn v. City of New York, 795 F.3d 297, 315 (2d Cir. 2015))); Littlejohn, 795 F.3d at 315 (noting that to satisfy Monell's policy or custom requirement, a plaintiff must show either that the challenged practice "was so persistent or widespread as to constitute a custom or usage with the force of law," or that the "practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." (internal quotation marks omitted)).

Id. at 5.

In the Amended Complaint, Plaintiff identifies the City of Ithaca Police Department and the Tioga County District Attorney's Office as defendants. Am. Compl. at 1. "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Since the City of Ithaca New York Police Department and Tioga County District Attorney's Office are administrative arms of

5

their respective municipalities, they lack the capacity to be sued. See Jenkins v. Liadka, No. 10-CV-1223, 2012 WL 4052286, at *9 (N.D.N.Y. Sept. 13, 2012) ("Because the Syracuse Police Department is merely an administrative arm of the City of Syracuse, it is not a proper defendant in this case."); Adames v. Cnty. of Suffolk Ct., No. 18-CV-4069, 2019 WL 2107261, at *2 (E.D.N.Y. May 14, 2019) (finding the district attorney's office is not an independent legal entity apart from the municipality). Even if the Court construes Plaintiff's constitutional claims as allegations against the respective municipality or county, the real parties in interest, Plaintiff fails to state a claim. Plaintiff has failed to remedy the deficiencies addressed in the February Order, as Plaintiff does not identify a policy or custom that violated Plaintiff's constitutional rights. For the reasons set forth in the February Order, Plaintiff's claims against City of Ithaca New York Police Department and Tioga County District Attorney's Office are dismissed without prejudice.

### D. Remaining Constitutional Claims

In the Amended Complaint, Plaintiff refers in conclusory fashion to various constitutional amendments but fails to provide facts supporting these claims or state how Defendants violated his constitutional rights. See generally Am. Compl. Consequently, Plaintiff's claims are dismissed. See Pittman v. Edwards, No. 20-CV-319, 2020 WL 4194479, at *9 (N.D.N.Y. June 22, 2020), report and recommendation adopted, 2020 WL 4192547 (N.D.N.Y. July 21, 2020) (dismissing constitutional claims when the plaintiff failed to specify how his rights were violated).

### V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Amended Complaint, Dkt. No. 12, is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall revise the Docket Report consistent with this Order; and it is further

**ORDERED** that the Amended Complaint, Dkt. No. 12, is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    July 10, 2024
          Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge